And our next case this morning is United States v. Edwin Calligan. All right, good morning. I see both counsel. Ms. Westover, you may proceed. Thank you, Your Honor. May it please the court, my name is Blair Westover on behalf of Mr. Edwin Calligan. The facts of this case are pretty straightforward, so where I was hoping to start out today, if I could, is on at least something that it seems to me the parties agree on. The parties seem to agree that if a warrant is an anticipatory warrant, and I get that's the debate, but if a warrant is an anticipatory warrant and the triggering condition doesn't happen, then the warrant is sort of void, right? And so if something else happens that establishes probable cause, but that isn't in the warrant, that doesn't save the search because the magistrate is the one that has to make the decision that probable cause has been established. And here... Ms. Westover, do you also agree on the flip of that, that if the warrant is not anticipatory, that the search was proper? I think in this case, if you take out the triggering condition, then there isn't going to be any probable enough, there isn't going to be probable cause left to justify entering the home. So in this case, I think the government has a problem if the warrant... But that's a little bit different. My question was a little bit different. So if we conclude that the warrant here is not an anticipatory warrant, was the search proper? I don't believe so. I'm not trying not to answer your question. I don't believe so, but the reason I don't believe so is the only way, if it's not anticipatory, is if the delivery of the controlled substance was irrelevant to the probable cause. And I think the delivery of the controlled substance is necessary to get to probable cause. Well, that's what makes it anticipatory. Right. I think... I'm saying take that... Assume we disagree and assume we say this is not anticipatory. And so the agents executed a search warrant at the home. Was that search valid? Or at least would Leon apply and they had a good faith basis?  If the search warrant was not an anticipatory warrant, then obviously it'd be a question of just whether probable cause existed, which we would disagree with. But assuming that probable cause did exist and it wasn't an anticipatory warrant, then yeah, the search would be fine. Sort of almost tautologically, right? And I really do think... And is your... I'm sorry, one more question, Ms. Westover. Is your argument that the agent was seeking an anticipatory warrant here or that regardless the judge issued an anticipatory warrant? I think regardless the judge issued an anticipatory warrant, I don't think the agent's intent should matter. The agent... I really do think that if the agent writes in a warrant affidavit, I am going to conduct a search after a certain event happens, that at least unless there's probable cause otherwise, they have to be held to that. Because the point of the warrant clause, the warrant requirement, of course, is that a neutral and detached magistrate stand in the way. And that statement of, I am going to execute the warrant after a certain thing happens, is something that the magistrate judge necessarily is going to take into consideration. In terms of probable cause, I really don't think that without the delivery of the package, there was probable cause here. What they have in terms of other incriminating evidence of drug dealing is that there were a large number of international packages shipped to Mr. Callaghan over a 30-month period, 58. I just don't think that's at all incriminating. I mean, I get that otherwise innocent activity can become incriminating, but this isn't like weirdly shaped plastic bags sticking out of a cigarette box. This is common everyday behavior that people engage in constantly. I mean, we don't know anything about, well, the warrant affidavit didn't include anything about those packages. For all we know, they were from Alibaba or family members. I just think the range of innocence that could be there is too much to get to probable cause without the shipment or without the delivery. And if the government's argument is that this is not an anticipatory search, what they have to establish is that the delivery at all was completely irrelevant. If the postal inspector with the package had just never shown up, they could have gone in anyway. If somebody had walked up and picked up the package off the step and ran out, they could have gone into that anyway. And I just don't think the search warrant can be fairly read to say that. And I don't think there would be probable cause there if the delivery hadn't happened. With that, quickly, I'd like to turn to Good Faith. It's our contention that if this is an anticipatory warrant and the triggering condition didn't happen, I don't think Good Faith applies here. Is there anything, Ms. Westover, on the face of the warrant itself that supports it's an anticipatory warrant? Not on the face of the warrant. This court has repeatedly said there wouldn't be. This court has repeatedly said. Well, that's not true because the anticipatory warrant form is different. An anticipatory warrant makes clear that it's anticipatory. So this is different than that. This court has repeatedly held that a warrant can be upheld even if the sort of clause that the conditions aren't included in the warrant itself and are only included in the affidavit. And I don't know that the form, certainly I don't think this court would agree with me if I came to it and said, well, it's an anticipatory warrant, but they didn't fill out the right form in any case. So I don't think the form necessarily is what should trigger here. And in terms of Good Faith, I think that if it's an anticipatory warrant and the condition wasn't met, because it's void, I don't think that the Good Faith exception can be stretched to apply to that. Why wouldn't the form be directly relevant to what the agent saw when they executed it? Because I think the problem is that if the warrant isn't, you know, if the condition wasn't met, then the warrant is void. And it's like going into a house without one in the first place. And you're asking to say, well... But the agents, assume you're right, that there was a triggering condition. The agency, the search warrant itself, which has no suggestion that there's a triggering condition, why couldn't they rely on that in Good Faith? Because their affidavit was the one that put the triggering condition in there. So I don't think you could, in Good Faith, say we didn't have the triggering condition. Do we know that based on the evidence that the agents who actually went in? Was the same agent who executed the warrant? Yeah, Your Honor. The agents who first went in was the SWAT team, but the agent who signed the affidavit was on the scene, was the case agent, and was in charge of the search and went in immediately after the SWAT team went in. I'm into my rebuttal time, Your Honor, so unless there are any more questions, I'd like to reserve the remainder. That's fine. Mr. Whelan. Please, the Court. Thank you, Your Honors. Good morning. My name is Nathaniel Whelan. I'm here on behalf of the United States of America. Your Honors, we're in kind of a case where I've never seen before, where we actually have four different judges who reviewed this warrant before it comes up to this Court, and all four concluded this was not an anticipatory warrant, including the issuing magistrate, Judge Terry. And Mr. Callaghan's position is, of course, something that this alleged anticipatory triggering condition is, of course, something the magistrate would take into account. Well, Magistrate Judge Terry actually said he didn't take it into account. He wrote that he did not consider this an anticipatory warrant. He did not condition its execution upon any condition. And he got that right, as did the other three judges who reviewed it. This isn't the language of a triggering condition. It doesn't say we will only execute the warrant if and only if something happens, or we'll only execute the warrant upon the occurrence of X event. Yes, it does talk about a future event, but that does not render it an anticipatory warrant. And the other key factor that shows this is not an anticipatory warrant, along with the factors Judge St. Eve identified in terms of the actual warrant itself, is the fact that it is supported by a probable cause absent this one paragraph that Mr. Callaghan says is anticipatory, is the triggering condition. Again, all four judges who reviewed this warrant all said it was supported by probable cause, even if you take out this language discussing a future event. This court gives great deference to the issuing magistrate's determination of probable cause. And we have Judge Cherry's statements twice that this was supported by probable cause, once when he executed the regular warrant, and then once again when he recommended denying the motion to suppress. Unless this court has questions about the anticipatory nature, I would just like to switch to probable cause. So, the probable cause analysis, I understand Mr. Callaghan's argument that he believes all we have are these 48 international, 58 international packages, but that wasn't all that was supporting probable cause. It's the shipment of the initial target parcel itself that goes a long way towards establishing probable cause. This isn't just, you know, half a blunt of marijuana being shipped from some random person. This is one kilogram of a controlled substance being shipped by a known international drug dealer that could be converted into 100 kilograms of street product. Mr. Whelan, I apologize for interrupting. I just want to confirm this 5FADB, there's no question this is a fentanyl analog, which is a controlled substance, is that correct? This is a cannaboid, a synthetic cannaboid that is a controlled substance. There's reference to a fentanyl analogs. That's the initial package that the postal agents intercepted that was not addressed to Mr. Callaghan. That's in part how this particular distributor got on the agent's radar. I appreciate the clarification. Thank you. Oh, yeah. No, I'm sorry, Your Honor. It's, we got a bunch of different packages going on here in the affidavit. But we do have addressed to Mr. Callaghan a massive quantity of drugs from a known drug dealer. And Judge Brady, I think, hit the nail on the head when she said, given the quantity and given the dealer, this isn't going to be sent on a whim. Your Honors have either encountered or I'm sure have heard about instances where drug dealers either lose or have seized massive amounts of drugs. And there are repercussions for that inside the drug trade. The magistrate could certainly reasonably conclude, given the quantity here, given the distributor, that this was not a mistake. This was something Callaghan ordered, and it was something that the distributor sent to him. So if you take that package as the baseline, the agents then go back and they determine that there have been 58 international packages within the past two and a half years sent to Callaghan. If I may interrupt, even without those 58 shipments, that single shipment alone is enough. I would tend to agree with Your Honor. I'm just trying to add the facts all together to show why all four judges got it right down below. Understood. The debate about how to interpret those 58 international shipments and an innocent explanation for them is a sideshow, given the quantity of that single shipment that was addressed to him and the conclusive nature of the dealer quantity. We would agree, Your Honor. In light of the Court's questions, unless this Court has any questions on probable cause or good faith or the anticipatory nature, we would rest on our briefs and ask that you affirm the judgments below. Thank you. Thank you. Ms. Westover. You're on mute, Ms. Westover. Sorry. Thanks. I just want to push back really briefly on the—I don't think that just the address on the package delivered to that place should be enough. The agent said in the affidavit and testified at the hearing that drug dealers commonly have drugs shipped to them in someone else's name at some place that they don't live and have no intent of actually taking the drugs, right? That's why anticipatory warrants are issued in these cases a lot of times, because the package never gets in the house. So I think just the fact that it was shipped without the delivery shouldn't be enough to get to probable cause to search the house. Obviously, if the package goes in there, then you've got contraband, and there's a reason to go in. So that's what—I guess the point I wanted to make on that. In lieu of any other questions from this Court, we ask that you reverse the defendant's conviction and order the evidence pressed. All right. Thank you. The case is taken under advisement. Our thanks to both counsel.